IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

       Plaintiff,

v.

STALIN JAVIER NINA JORGE,

       Defendant.

Criminal No. 20-0114
ELECTRONICALLY FILED

**MEMORANDUM ORDER**

Before the Court is Defendant's *pro se* Motion for Release / Reduced Sentence pursuant to First Step Act, under 18 U.S.C. § 3582(c)(1)(A). ECF 69. The Government filed a Response to same objecting the relief sought by Defendant. ECF 76. For the reasons discussed below, Defendant's Motion will be denied.

**I. Factual and Procedural History**

Defendant's Presentence Investigation report reads in pertinent part as follows:

> [O]n the morning of September 19, 2019, members of the Drug Enforcement Administration (DEA) were conducting interdiction operations at the Greyhound bus station in downtown Pittsburgh, Pennsylvania, when they observed the defendant exit a bus and proceed to the luggage compartment. The defendant retrieved a rolling suitcase from the luggage apartment and began walking away. Investigators conducted a consensual encounter with the defendant, who began exhibiting signs of nervousness. Therefore, investigators believed that the defendant may be involved in drug trafficking. Investigators read the defendant his Miranda rights. The defendant voluntarily waived those rights and agreed to speak with the investigators. He stated that the rolling suitcase belonged to him and that he packed the contents. He added that he was paid $500 to transport the suitcase to Pittsburgh. Investigators searched the defendant's rolling suitcase and recovered approximately 10 kilograms of suspected cocaine.

ECF 57, ¶8. In sum, Defendant was confronted by DEA agents in the Pittsburgh Greyhound bus station, and was found to be in possession of a little over 10 kilograms of powder cocaine.

On August 20, 2020, Defendant waived Indictment and plead guilty to the one count Information for possession with intent to distribute 5 Kilograms or more of cocaine, in violation of 21 U.S.C. 841(a)(1) and 841(b)(1)(A)(2).  ECF 48 and ECF 49.

Defendant is presently 27 years old.  ECF 57.  Defendant moved to the United States in 2014, when he was 20 years old, after earning high school diploma in the Dominican Republic. Id.  Defendant reported being consistently employed since 2014, but also admitted to having a history of abusing marijuana and cocaine.  Id.  Defendant had no previous criminal history.  Id.

Given all of these factors, the Court sentenced Defendant to a 30-month term of imprisonment to be followed by a 3-year term of supervised release.  ECF 67.

**II. Standard of Review**

"[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization." *McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir. 2007); *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) ("A federal court generally may not modify a term of imprisonment once it has been imposed.").

The First Step Act's amendment of 18 U.S.C. § 3582 provides an example of such specific authorization.[1]  As amended, the First Step Act allows this Court to modify a defendant's term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).  In addition, this Court must consider: (1) whether Defendant has exhausted the appropriate administrative remedies; (2) the factors set forth in

---

[1] Title 18 U.S.C. § 3582(c)(1)(A) is referred to as "the compassionate release statute," because it allows a court to modify a term of imprisonment if certain conditions are present.  Historically, the presence of the conditions only permitted the Bureau of Prisons ("BOP") to bring a motion under the compassionate release statute.  However, in 2018, the First Step Act modified the compassionate release statute and authorized a defendant to file his own motion for relief.  First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239 (2018).

18 U.S.C. § 3553(a) to the extent that they are applicable; and (3) whether such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.  18 U.S.C. § 3582(c)(1)(A).

**III. Analysis**

Defendant seeks a reduction in his prison sentence and immediate release under the compassionate release statute.  ECF 69.  Defendant's *pro se* Motion suggests he is entitled to this relief due to the global COVID-19 pandemic (id., p. 1), his desire to serve as caregiver for his elderly mother, who suffers from certain medical ailments (id., p. 10.), and because he meets all § 3553 criteria. Id., pp. 11-18.

The Government's response counters that Defendant failed to: (1) demonstrate how he exhausted the appropriate administrative remedies, (2) present any extraordinary and compelling reasons for the relief requested, and (3) demonstrate how the application of the § 3553(a) factors warrant Defendant's release or reduced sentence.  ECF 69.

This Court concurs with the Government's position for the following reasons.  First, Defendant has not established that he has exhausted the appropriate administrative remedies. That fact alone requires that Defendant's pending Motion be denied.

Second, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," as required pursuant to § 3582(c)(1)(A), Defendant has not established "that extraordinary and compelling reasons warrant" the relief sought by Defendant. 18 U.S.C. § 3582(c)(1)(A)(i).  Specifically, Defendant has not identified a medical condition that would qualify as an "extraordinary and compelling reason" justifying the relief sought.  In fact, aside from the first page of Defendant's Motion referencing COVID-19, Defendant makes no further

mention of the virus or how it impacts his incarceration.  Furthermore, Defendant's medical records indicate that Defendant tested negative for COVID-19 on April 14, 2021 and May 25, 2021 (ECF 77-1, pp. 20, 84), and he was vaccinated for COVID-19 on May 11, 2021 and June 4, 2021.  Id., pp. 109-110.  Additionally, Defendant's needing or wanting to care for his elderly mother is not an extraordinary and compelling reason warranting his release from prison.

Finally, the application of the § 3553(a) factors do not warrant Defendant's release or reduced sentence.  The Court considered all of the 3553(a) factors at the time of Defendant's sentencing hearing.  The Court notes that Defendant had an offense level of 23 and a criminal history score of I, which translated to a guideline range of 46-57 months imprisonment.  The Court, in sentencing Defendant to 30 months, varied downward upon Defendant's counsel's motion.  Thus, the Court weighed Defendant's family ties and obligations along with the other § 3553 factors when it ordered Defendant to serve 30 months – not 46 to 57 months – imprisonment.

Therefore, given all the foregoing reasons, Defendant's Motion is DENIED.

SO ORDERED, this 21st day of October, 2021.

s/Arthur J. Schwab
United States District Judge
for the Western District of Pennsylvania

cc:    All ECF Registered Counsel of Record
            and
       Nina Jorge Javier-Stalin (39665-068)
       Oakdale FCI -2
       PO Box 5010
       Oakdale, LA 71463